UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**KEREEM RANDOLPH,**

       **Plaintiff,**

**v.**                                                   Case No. 2:18-cv-01357

**BETSY JIVIDEN,** *et al.***,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss filed by defendants Betsy Jividen and J.T. Binion (ECF No. 8) and a Motion to Dismiss and Alternative Motion for Summary Judgment filed by defendants PrimeCare Medical of West Virginia, Inc. and Jessica Thornhill (ECF No. 14).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff's Complaint alleges that, on August 30, 2018, while he was incarcerated at the South Central Regional Jail ("SCRJ"), he developed a toothache, which "hurt a lot." (ECF No. 2 at 4). He contends that that he was told to fill out a sick call request, was placed on a long waiting list, but "it's been a month and no dentist." (*Id.*) His Complaint further states:

> PrimeCare Medical is not treating my toothache. J.T. Binion is the administrator – so he is responsible for the grievance system. So either he

> knows I'm not getting treatment or is deliberately indifferent. When I appealed the grievance, that was supposed to go to the director or an assignee. Jessica Thornhill answered that too. So I tried in good faith to notify the director, and so he or she is also at fault for not making sure I get treatment.

(*Id.* at 4-5). The Complaint seeks immediate treatment for the toothache, changes in policy concerning prisoner medical treatment, and monetary damages. (*Id.* at 5-6). After filing his Complaint, the plaintiff was transferred to the Huttonsville Correctional Center Work Camp, and then to the Parkersburg Correctional Center. According to the West Virginia Department of Corrections and Rehabilitation's website, it appears that the plaintiff was subsequently released on parole; however, he has not provided any updated contact information to the court or the defendants.

On June 5, 2019, Betsy Jividen ("Jividen") and J.T. Binion ("Binion") filed a Motion to Dismiss (ECF No. 8) and Memorandum of Law in support thereof (ECF No. 9) asserting that the plaintiff's Complaint fails to state a claim upon which relief can be granted against them and that they are entitled to qualified immunity. On June 18, 2019, the undersigned entered an Order and Notice (ECF No. 12) setting deadlines for the plaintiff's response and the defendants' reply to that motion, and also granted PrimeCare Medical of West Virginia, Inc.'s ("PrimeCare") and Jessica Thornhill's ("Thornhill") motion for extension of time to file a responsive pleading.

On June 24, 2019, PrimeCare and Thornhill (collectively "the medical defendants") filed a Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 14) and a Memorandum of Law in support thereof (ECF No. 15) asserting that the plaintiff failed to exhaust his administrative remedies prior to filing this civil action and that the Complaint fails to state a claim upon which relief can be granted with respect to the plaintiff's medical treatment. In the alternative, the medical defendants assert that the

2

plaintiff's medical records, which are attached to their motion, demonstrate that the treatment provided to the plaintiff while he was at the SCRJ did not rise to the level of deliberate indifference to a serious medical need necessary to establish a constitutional violation.

On June 27, 2019, in accordance with the decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the undersigned entered an Order and Notice (ECF No. 16) advising the plaintiff that he had a right and obligation to respond to the medical defendants' Motion to Dismiss and alternative Motion for Summary Judgment and setting a deadline for such response by July 18 2019, with the defendants' reply due by July 29, 2019. (ECF No. 16). The Order and Notice was mailed to the plaintiff at the Parkersburg Correctional Center and was not returned. However, the plaintiff did not respond to either of the defendants' motions. It appears that the plaintiff has been released from custody and he has failed to notify the court or the defendants of his updated contact information, as he was previously directed to do. (ECF No. 4).

## STANDARDS OF REVIEW

### *Dismissal for failure to state a claim upon which relief can be granted*

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed

factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

### *Summary Judgment*

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party

opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

If a party's motion relies upon materials outside of the four corners of the Complaint to support its claims or defenses, as does the medical defendants' motion, the court may treat a motion to dismiss as one for summary judgment pursuant to Rule 56. *See Jeffers v. Wal-Mart Stores, Inc.*, 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000).

## ANALYSIS

### A. The plaintiff's claims for injunctive relief are moot.

In addition to monetary damages, the plaintiff requested treatment for his toothache and policy changes concerning prompt medical and dental treatment and proper pain management. However, shortly after filing his Complaint, the plaintiff was transferred from the SCRJ to other correctional facilities and, ultimately, was released from incarceration.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the

constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's requests for injunctive are moot and must be dismissed.

> **B.   The Complaint fails to state any plausible claim against defendants Jividen and Binion.**

As noted in their Memorandum of Law, the Complaint fails to set forth any factual allegations concerning conduct by Jividen and limits the allegations concerning conduct by Binion to his role in the administration of the grievance process, which is insufficient to state a claim of deliberate indifference. It is well established that denying a prisoner's grievances, by itself, "is not the type of personal involvement required to state an [Eighth Amendment] claim." *See, e.g., Lowe v. Matheney*, No. 2:13-cv-22416, 2015 WL 5795867 *9 (S.D. W. Va. Sept. 30, 2015) (Goodwin, J.) (inadequacy of allegations involving supervisory liability claim based upon denial of grievances); *see also Larson v. Meek*, 240 Fed.Appx. 777, 780 (10th Cir. 2007); *Ferris v. Jones*, No. 4:14-cv-454, 2015 WL 4668297, at *9 (N.D. Fla. Aug. 5, 2015). Jividen is named solely as the Commissioner of the West

7

Virginia Division of Corrections and Rehabilitation, and Binion is named as the Administrator/Superintendent of the SCRJ. Because there are no specific factual allegations concerning their conduct with respect to the plaintiff's medical treatment, it appears that the plaintiff is merely attempting to hold Jividen and Binion vicariously liable under a theory of *respondeat superior*, which is not permitted under section 1983. *See Iqbal*, 556 U.S. at 676. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Complaint fails to state a claim upon which relief can be granted against either Jividen or Binion.

### C. The Complaint fails to state a plausible claim against the medical defendants.

The medical defendants have also moved to dismiss the plaintiff's Complaint on the basis that it fails to state a plausible claim of deliberate indifference to a serious medical need against PrimeCare and its personnel. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429

8

U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

Because PrimeCare is a contracted medical provider for the State of West Virginia's correctional facilities, the deliberate indifference standard is applicable to the conduct of both PrimeCare and its employees, who may be considered to be acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1998). Although PrimeCare has argued that it is not a "person" under section 1983 (ECF No. 18 at 8-9), the Fourth Circuit and other federal courts have held that "[a] private corporation is liable under § 1983 . . . when an official policy or custom causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *see also Motto v. Corr. Med. Servs.*, Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S. Dist. Lexis 72436 (S.D. W. Va., Sept. 27, 2007) (Johnston, J.) (unpublished); *Price v. Corr. Med. Servs.*, Case No. 2:08-cv-00259, 2008 WL 5377779 (S.D. W. Va., Dec. 18, 2008) (Faber, J.) (unpublished); *Howell v. Evans*, 922 F.2d 712, 723-34 (11th Cir. 1991); *Nelson v. Prison Health Services, Inc.*, 991 F. Supp. 1452, 1465 (M.D. Fla. 1997).

However, as noted in the medical defendants' Memorandum of Law (ECF No. 15 at 8-9), the plaintiff has not pled any such allegations concerning PrimeCare's policies or customs. Moreover, the only allegations against defendant Thornhill are that she put the plaintiff on a waiting list to see the dentist, and that she responded to his grievance concerning the alleged delay in his treatment. Such conduct does not rise to the level of deliberate indifference sufficient to establish a constitutional violation.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a plausible deliberate indifference claim against

PrimeCare or Thornhill. Thus, the plaintiff's claims against the medical defendants should be dismissed for failure to state a claim upon which relief can be granted.

>   D.  **In the alternative, the court should dismiss this matter without prejudice for failure to prosecute under Rule 41(b).**

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

The plaintiff's failure to respond to the defendants' motions and failure to notify the court and the defendants of his release from custody and his updated contact information has prejudiced the ability to address this matter on the merits. While it appears that the plaintiff may have abandoned his claims upon his release from custody, it is unclear when he was released and if he received the defendants' motion documents and the undersigned's orders to respond thereto.[1] Accordingly, while it further appears

---

[1] However, the undersigned notes that it appears the plaintiff received the initial Order and Notice directing him to update his contact information (ECF No. 4) because he responded to it (ECF No. 11).

that the defendants' motions may be meritorious, the undersigned is hesitant to recommend a disposition on the merits with prejudice.

The inability to move this matter forward lies exclusively with the plaintiff and dismissal appears to be the only suitable sanction. However, in light of the uncertainty of whether the plaintiff received all of the defendants' motion documents and the undersigned's orders, a dismissal without prejudice may be more appropriate.

## RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the defendants. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motions to Dismiss (ECF Nos. 8 and 14) but **DENY** the Alternative Motion for Summary Judgment filed by PrimeCare and Thornhill (ECF No. 14). In the alternative, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action, and it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2]

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days

---

[2] The undersigned notes that defendants Jividen and Binion also filed a crossclaim against the medical defendants (ECF No. 13). In accordance with the dismissal of the plaintiff's Complaint, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the Jividen and Binion's crossclaim (ECF No. 13).

(service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address and to transmit a copy to counsel of record.

December 11, 2019

Dwane L. Tinsley
United States Magistrate Judge